UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GERALD D. WILLIAMS**<br>    **LA. DOC #228185**<br>VS. | **CIVIL ACTION NO. 5:15-cv-2204**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Gerald D. Williams, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 17, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is confined at the David Wade Corrections Center (DWCC) and he complains about conditions of confinement and inappropriate medical care. He sued Drs. Pamela Hearn and Jeffery Fuller, Col. Lonnie Nail, Warden Jerry Goodwin, Nurses Joe Williams and Bill, and DOC Secretary James LeBlanc seeking declaratory judgment, compensatory and punitive damages, and injunctive relief.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

---

[1] Plaintiff filed a Motion for Leave to Amend his complaint on September 15, 2015. [Doc. 5] Pursuant to LR 3.2, "A prisoner may file an amendment to a civil rights complaint only one time without obtaining leave of court." Plaintiff's motion is unnecessary and as is shown below, plaintiff's amended complaint has been filed and reference thereto made in this Report.

*Statement of the Case*

Plaintiff is a DOC inmate confined in the maximum security area of DWCC. In his original complaint he alleged that he "rolled off [his bunk] while sleeping and crashed to the floor, breaking his finger." [Doc. 1, ¶III, p. 5] In his amended complaint he alleged, "while I was getting down from off top of my assigned bunk bed, I had to use the metal iron sink to place my foot to climb down without any firm grip to support myself from falling ... I slipped and fell down from about 5 feet high from the top bunk bed hitting the metal iron sink with my right finger in between the steel sink and my body weight breaking my finger." [Doc. 5-1, ¶11]

Thereafter plaintiff requested medical assistance; he was transported to the LSU Health Sciences Hospital where he was examined. The physician concluded that plaintiff's "right finger was broken" and he placed a "metal iron splint on my finger to stablize it from change after rebreaking it to straighten it out." [Doc. 5-1, ¶12-13]

Upon his return to DWCC, Nurse Joe Williams, following Dr. Hearn's orders, replaced the metal splint ("... because I wasn't allowed to have it in the cell with me...") with a "home-made popsicle-stick causing my finger to deform crooked bent out of shape." [Doc. 5-1, ¶14-16]

Thereafter, Dr. Fuller "... refuse[d] to correct the matter with appropriate treatment but rather chose to ignore my finger crookerness (sic) without adequate medical treatment to my serious medical needs..." and now, "plaintiff risk[s] permanent disability in his right finger." [Doc. 5-1, ¶17-18]

Defendants Nail and Goodwin were indifferent to and showed "reckless disregard" for plaintiff's safety because they knew of the "pervasive risk of danger of improper bunk beds without a ladder for safety purpose when I have to get into or out of the top bunk bed where I

have to step upon the metal iron sink and then jump up on the top bunk bed and do the same to get down." According to plaintiff, Nail and Goodwin were negligent when "they took no action to prevent the danger from occurring, nor correct the situation ..." all of which constitute the tort of negligence under Louisiana law. [Doc. 5-1, ¶19-20] Further, plaintiff claimed that Goodwin and Nail violated plaintiff's Constitutional rights when they failed to correct the defective condition once plaintiff complained about it. [Doc. 5-1, ¶21-25]

Plaintiff's grievances in this matter were assigned Case Number DWCC-2014-1240. Unit Head Angie Huff rejected his 1st Step Grievance on December 23, 2014. In so doing she relied upon the testimony of Col. Nail who advised that offenders who are unable to access top bunks are afforded medical duty status which assigns a bottom bunk. Plaintiff was found to have no physical disability that prevented access to the top bunk. According to the response, Col. Nail further opined that "... offenders are able to safely access the top bunk by utilizing the bottom bunk as a step. Col. Nail insists that offenders have successfully accessed top bunks for over two decades at this facility without major difficulties. Col. Nail notes you stated that you slipped while stepping on the sink, suggesting that this accident was due to your actions and not to structural deficiency, as offenders are not advised or allowed to step and/or stand on the sinks or toilets." [Doc. 5-2, p. 1] Plaintiff's appeal to DOC Headquarters was rejected on February 22, 2015 as follows, "The design of the bunk beds allows for the use of the bottom bunk to assess (sic) the top bunk, thus eliminating the need for a ladder. Offenders are advised not to utilize the toilet and/or sink to climb out of the bed because it presents a trip/fall hazard." [Doc. 5-2, p. 2]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Conditions of Confinement*

Plaintiff complains about the conditions of confinement that he is exposed to at DWCC, specifically, he complains that during the period in question, he was exposed to unsafe conditions because there was no ladder to provide access to his upper bunk.

Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. While the Eighth Amendment does not prohibit

punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

5

To rise to the level of a constitutional violation, the conditions must be " 'so serious as to deprive [plaintiff] of the minimal measure of life's necessities... '"*Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir.2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)).

Here, plaintiff complains about the manner of ingress to and egress from his top bunk. According to the available evidence, the approved manner of ingress and egress involves use of the bottom bunk as a step; plaintiff chose to disregard this method and adopted another method, namely standing on the sink adjacent to the bed, a method that he was specifically warned not to use. Plaintiff's fall and resulting injury were caused by his flagrant disregard of precautions and not by the negligence or deliberate indifference of the defendants.

Finally, in order to prevail on an Eighth Amendment claim, the plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*. *See Siglar v. Hightower*, 112 F.3 191, 193-94 (5th Cir.1997); *Alexander v. Tippah County, Miss*, 351 F.3d at 630-31; *Luong v. Halt*, 979 F.Supp. 481, 486 (N.D.Tex.1997). Plaintiff's injury – a broken finger – was clearly *de minimis*.

### 3. Medical Care

Plaintiff also complains that the medical staff at DWCC – two physicians and two nurses– deprived him of the metal splint provided by his treating physician at the LSU Health Center. Plaintiff's medical care claim also arises under the Eighth Amendment's prohibition against cruel and unusual punishment. As with the conditions of confinement claim plaintiff's medical care claim amounts to an Eighth Amendment violation only if he can establish deliberate indifference resulting in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

The facts underlying a claim of deliberate indifference must clearly establish the serious medical need in question and the alleged indifference of the prison officials. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

"A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (internal quotation marks and citation omitted). "[M]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. *Varnado*, 920 F.2d at 321. Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff complains that he was deprived of the metal splint provided by the emergency room physician. It appears that the metal object was of a class of objects not permitted in the prison for security purposes. Plaintiff was not forced to go without a splint, however, and was provided a wooden replacement, which both of the prison physicians approved. It appears that plaintiff disagrees with treatment plan and the appliance approved by the prison's health care professionals. His disagreement with the health care professional's diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton*

*v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

*4. State Tort Claim*

Plaintiff also sues for negligence under Louisiana law. A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3), *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir.1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Bunch v. Duncan*, No. 3-01-CV-0137-G, 2002 WL 324287 at *4 (N.D.Tex. Feb.27, 2002), quoting *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir.1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed."). Accordingly, since dismissal of plaintiff's federal claims is being recommended, it is also recommended that plaintiff's State law negligence claim be dismissed without prejudice to his right to file suit in the Courts of Louisiana.

*Recommendation*

Therefore,

Plaintiff's Motion to Amend [Doc. 5] is **DENIED** as unnecessary [See f.n. 1, *supra*], however the Clerk is directed to file his Amended Complaint as Doc. 5, and,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint [Doc. 1] and his amended complaint [Doc. 5] be **DISMISSED WITH PREJUDICE** as frivolous for failing to

state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A; **IT IS FURTHER RECOMMENDED** that plaintiff's pendant State law claims be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, October 7, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**